On behalf of the economist, Mr. Edward J. Fitzsimons. On behalf of the FBI, Mr. Michael Napoleon. Good morning, Mr. Fitzsimons. Please, the court. I'm Edward Fitzsimons. I'm appearing on behalf of Edward Bonandi, who is the plaintiff and also the appellate in this case. Let me ask one question to begin with. The notice of oral argument said to bring four copies of out-of-state cases. I have those with me. What do you want me to do with them? You can give them to Mr. Mangan. Thank you. Thank you. Mr. Bonandi filed suit against Black in Lake County, alleging promissory estoppel and claiming some substantial damages. Black filed a 2619 motion claiming that the Illinois action was barred by a Kentucky judgment that constituted race judicata. The matter was briefed before the Honorable Judge Fuse. And as a result, Judge Fuse granted the 2619 motion and dismissed Bonandi with prejudice. Judge Fuse went on to file a motion to reconsider, and this appeal followed the denial of the motion to reconsider. There are several principles that neither side has disputed here. First one is that the movement has the burden on a 2619 motion. The second one is this court's review is de novo. And the third one is race judicata is determined here by Kentucky law. If this if this claim of Bonandi's was race judicata in Kentucky, it's race judicata in Illinois. We have two principal issue issues on this appeal. The first issue is whether the trial court had any facts in front of it on which to base a finding of race judicata. The second one is going to be what's the law in Kentucky with regard to these facts and race judicata. 2-619 provides in part that if the grounds do not appear on the face of the pleading attack, the motion shall be supported by affidavit. And they're emphasizing the word shall. There was never any affidavit filed before the trial court dealing with the issue of race judicata. There were certified copies of a variety of pleadings and court rulings from Kentucky that were filed. But in particular, the facts on which Mr. Mr. Black relies were taken out of his Kentucky complaint, which is a long, extensive document as to what happened between Black and Bonandi. Are there some cases, though, that hold that although the 2-619 language literally implies an affidavit or requires affidavits in support of any grounds for dismissals, we know it's not appearing on the face of the complaint. Aren't there cases in Illinois that hold it's not required in every case if you have other documents that would be considered the equivalent satisfactory proof? I mean, it's not 100 percent across the board that it's fatally defective in every case, is it? I can't find any. Well, you don't have to file an affidavit. You can you can file. What was I going to say? You can you can simply file a 2-619 motion. And if the your basis for the 619 motion appears on the face of the pleading, you don't have to file an affidavit. But here, what didn't appear on the face of the pleading, namely Bonandi's complaint, didn't even raise this Kentucky judgment. So when Mr. Black wants to raise the Kentucky judgment, he has to file an affidavit establishing those facts. Why couldn't he just attach documents to do that? Because the. Excuse me, because that's not the rule. And there is a case which we cite, which is France and Peters v. Barbara Green, which is a second district case where the parties attach some documents. They didn't attach an affidavit. And the court said that was improper, that you had to follow the rules. There's also contrary authority. White Way sign versus Mount Claire 42, Illinois, Apollo 3199. In that case, the appellate court allowed documents to be submitted in the absence of an affidavit. So I have to confess I'm not familiar with that case. And it hasn't been cited by either side. Did you raise the issue before the trial court when Black filed his amended motion with the certified copies? It was clearly raised in the reply to the motion to reconsider. And it was raised there when, at least in my view, the response to the motion to reconsider went way beyond whatever facts had been contained in the earlier documents. It was raised kind of obliquely in the motion to reconsider. It was not raised when we argued the original 619 motion. All right. So your first argument is that his motion to dismiss is faintly flawed, clearly because it didn't have an affidavit, period. That's the gist of your argument on that issue, right? I'm not sure I understood your question. His motion to dismiss the 2619 motion was faintly flawed because there was no affidavit attached, correct? And there were no facts established. In particular, the facts on which the judge had before him when he ruled came out of Black's complaint. And Black's complaint, which clearly was filed in Kentucky, is not certified. It's not verified. It is signed by his Kentucky attorneys. And for that reason, we believe that it is fatally defective. Had that complaint not gone to resolution, to trial, that might be the case. But what does the trial, the resolution at trial do? I mean, doesn't it establish those facts because that's what the jury in Kentucky or the trial court in Kentucky looked at? I don't think it establishes the relationship between the Illinois case and the Kentucky case because it was only the Illinois case that was being tried. I'm sorry, I said that wrong. It was only the Kentucky case that was being tried. We also don't have the entire record of the Kentucky litigation. And I don't know what evidence was presented and what evidence wasn't presented. The jury verdict form says we find for Mr. Black. It doesn't say why. It doesn't say what facts are involved. I don't think the fact that the Kentucky case went to judgment necessarily establishes every allegation of Black's complaint in Kentucky. Well, might it, though, based upon this record, establish the facts that the judge relied on? You're saying it doesn't even establish the facts that the judge particularly relied on in making this decision? Judge Foose? I don't think I understand your question, Your Honor. There's a complaint, and you say he relied on the facts alleged in that complaint, but that's not a certified, verified, or otherwise notarized document. It's just signed by an attorney. Now we have a judgment over here, and can't we assume, or as we look at it, can't we look at that, since this is to no one, we look at that and say these were the facts that established that judgment? And couldn't Judge Foose do the same thing? I don't think so, particularly in the light of the ruling and also in particular in the light of this Franzen case. So tell us why the holding in the Kentucky case, there was no race judicata. Well, Kentucky... I kind of lost my train of thought here. The other major issue is what the law, race judicata is in Kentucky. There are two sources of that position. Kentucky recognizes the restatement of judgment second. In particular, it's Section 24, which announces the rule that you can't split your claims, or in other words, it would be race judicata. The considerations Section 24 gives are the court should consider time, space, origin, motivation, and the trial unit. In other words, could the two cases be tried together? There are substantial differences between the Kentucky action and the Illinois action. The Kentucky action involved a 2006 employment contract. The Illinois action involved a 2008 broken promise. But didn't they stem from the same transaction, the same issue? I mean, you're saying there's two different perspectives. As I understand it, you had the pending sale of the business. You have alleged that Black wrongfully and illegally tried to add a condition to the employment contract. He says, wait a minute, we didn't add anything. This was inherent. There was an agreement that we were going to get the additional compensation. So aren't the same underlying facts the same? They all stem from the same question, don't they? The employment and the terms of the employment. That looked at very broadly, possibly. Yeah. But there are still two different incidents that are separated in time by two years. They involve two different subjects. The 2006 employment contract involved Black working for Wenanya's company. The 2008 promise involved Black working for some other company after the property had been sold. But wasn't the issue really whether or not he was legitimately entitled to compensation? You're saying he wasn't. He said he was. Now, the issue was, in fact, what was tried on in Kentucky, and this is outside the record, was, well, actually, I don't think it is outside the record. Because Wenanya's answer is part of that. Those certified copies was Wenanya said he never signed the contract. And there are statutes in the contract that supposedly guaranteed performance of the contract by Trailmobile, which was the company. And that case is now up on appeal before the Kentucky appellate court. And one of the big issues there is the statute of frauds. All right. So in summary, tell us why these transactions are not related. All these issues are not related to the same operative set of facts. Why are they not related? Because they were separated by two years, because they dealt with different subjects, because they would have required different issues to be tried. What were the different subjects that they dealt with? The employment contract was what did Mr. Black get while he was working for Wenandy? The broken promises is Mr. Black promised to go to work for the new company, not Mr. Wenandy. They were totally separate. But wasn't the reason that the 2008, I'll put them in years, you say 2006 and 2008. In 2006, he was promised this amount of money, 1.6. And in 2008, he said, I'm not going to go to work until you pay me the 1.6 that you owed me from 2006. Aren't those the same issue? Are we talking about two different amounts of 1.6 million? They aren't the same issue because Wenandy's defense was he never signed the contract. But Mr. Black continued to work, correct? Not after he broke the promise. Well, he continued to work from 2006 until the promise issue. That's correct. And in 2008, wasn't he actually, according to the allegations, wasn't he attempting to get the money that he was otherwise owed from 2006? Isn't that the issue here? It's all about money owed back there. That was Mr. Black's claim. And the further consideration is if this case were to be tried and tried together, they would involve two different issues of proof, two different issues of evidence, excuse me. In particular, the issue in Kentucky was whether Wenandy signed the contract. To the extent that we know what the defense of Mr. Black in the Illinois case is going to be, he did file an affidavit from the manager of the company that was buying the place saying that the contract, the Illinois sale contract was terminated because of deteriorating economic conditions. It's going to be a different set of witnesses talking about whether the contract, the 2006 contract was signed and why the business failed. And the two are just separate issues. In Kentucky, notwithstanding the language of the restatement, which they have cited in a number of cases saying Kentucky follows the restatement, the Kentucky courts have very narrowly applied the concept of res judicata. In particular, the leading case in Kentucky appears to be Hayes v. Sturgill, which is a 1946 case, and that continues to be cited even today. And it's often cited in parallel with the citation to the restatement. But the Kentucky, while it was the Court of Appeals of Kentucky, but at that point was the highest court in Kentucky, said the res judicata rule does not mean that a prior judgment is conclusive of matters that were not germane to implied in or essentially connected with the actual issues in the case, although they may affect the ultimate rights of the parties and might have been presented in the former action. And let me stress the might have been. I think that I don't think there's any question. But had Bonanni chosen to do so, he could have filed this promissory estoppel case in Kentucky. However, it was separated. He was not required to do so. Hayes v. Sturgill, there was a dispute over whether a particular instrument was a will or a trust, excuse me, a deed or a trust. The plaintiff filed suit. They resolved that suit. The plaintiff then filed another case saying that the maker of the instrument didn't have the capacity to make it. The defendant said, well, wait a minute, that's barred by res judicata because of the earlier suit. Kentucky Court of Appeals said no. They're separate issues. To a similar effect is Arnold v. Kmart. All right, counsel. Are those the case? Yes, those are the cases that you provided for us. And that's correct. Review that you will have an opportunity for response after counsel if you choose to do so. Thank you. OK, thank you. Thank you. Mr. Furlong. May it please the Court, good morning. Justice is Michael Furlong on behalf of Bruce Black. I also have copies of the cases cited in my brief to the extent of Kentucky cases as well as the Kentucky compulsory counterclaim rule. It may be duplicative of what you have. That's fine. You can give them to Mr. Mangan and we'll determine how many trees died. To begin, I think it's clear that the sides agree that Kentucky law and res judicata applies to the issues before the court here. And Mr. Fitzsimons touched upon the Kentucky authority that establishes that section 24 of the restatement of judgments has been adopted in Kentucky. And that Kentucky applies the transactional test for the application of res judicata. And what I believe some of your questions elicited in terms of a response were that section 24 of the restatement of judgments talks about a claim being equal to a track, a transaction, or a series of connected transactions. And what's attached to the response to the second amended motion to dismiss are the certified copies of the original complaint in the Kentucky action and the first amended complaint as well as Mr. Wanani's answer. And in those pleadings, it's clear that the facts underlying the Kentucky litigation were the series of connected transactions related to Mr. Black's employment. The disputes that arose out of the termination thereof and the effect of the 2006 agreement on the dispute that resulted in the termination of Mr. Black in 2008. So the pleadings, though, in Kentucky are not what we would consider sworn. They're signed by an attorney. Is there a different standard in Kentucky about the signature of an attorney? Well, I don't know that there's a different standard about the signature of an attorney, but the fact that the facts underlying the litigation in Kentucky aren't sworn in the original pleadings, I do not believe is of import relative to the res judicata analysis because that's something that was determined after a trial on the merits. So when you look at a transactional application of the test of res judicata under the claim preclusion of res judicata, what happens is you have this umbrella of facts under claim preclusion that are winnowed down and all defenses and other claims are merged after the trial on the merits, which is what happened here. Well, that's not one of the issues you might have been alluding to. Admittedly, you didn't file an affidavit in support of routine 619 motion, correct? That is correct. And that's his first line of attack. He's saying your motion to dismiss under that section was fatally flawed because the statute requires an affidavit. You didn't file one. So what's your response as to why your motion is not fatally flawed? The motion is not fatally flawed because what was filed were certified copies. And certified copies say that the clerk of the court in Kentucky says these are the documents that are of the record in the Kentucky litigation. That is equivalent to an affidavit. Had someone else filed an affidavit attaching those certified copies, the affidavit would just be a derivative statement of the certification of the clerk. So you'd end up in the same place. You would end up in the same place. I'm saying the affidavit wouldn't have added any fix. It wouldn't have added any fix. But doesn't it matter that an affidavit is verified? These complaints were not. No, because like in Illinois, you don't have to have a verified complaint to resolve issues pursuant to a complaint. But you do have to have a verified affidavit. And you're saying in lieu of the affidavit, here's a document, but that document is not verified. There's a verification that those facts are set forth in this record filed in Kentucky. So there are two different questions. So it doesn't matter whether the allegations are true or false. It's just that these are the allegations. Correct, because that was determined in the trial in Kentucky. And that's not our task in applying race judicata at this point. Yes, that was contested. If you had filed a verified affidavit of the facts in the Kentucky litigation, even after trial on the merits, undoubtedly Mr. Wynandi would have come in and said, I don't agree with those facts. They're not true. But that's exactly why this went to trial in Kentucky and was resolved and his actions barred now. We don't need to have that fight again. It's a question of judicial economy. We don't keep re-litigating factual disputes over and over again. Additionally, this issue wasn't raised until Sir replied on the motion to reconsider, which was actually entitled the motion of vacate. So we went through an original motion to dismiss, an amended motion to dismiss. And the issue that kept that was coming up was there's there hasn't been a final judgment in Kentucky. Then the final judgment was entered on the verdict. Then the copies of the Kentucky court records weren't certified. So the second amended motion to dismiss attached certified copies. We went through all those rounds of briefing. And then on the Sir reply on the motion to reconsider, all of a sudden the lack of the affidavit came up. Additionally. So what do you say? He forfeited? He forfeited the argument? He did waive it because he waited until the last possible filing to raise an issue about it. And if you look at the the series of events in the response to the motion to dismiss the second amended complaint, when 90 himself attaches a sworn copy of the order entered in the of the notice of appeal entered in the Kentucky litigation, which attaches orders. So when Andy also is attaching and ratifying these documents filed in Kentucky with the clerk's certification as a valid record, so there was no dispute over the authenticity of those documents. No. And even in the Sir reply, there's no dispute over the authenticity or the fact that these were actually the controlling documents of the record in Kentucky. It's just a there's no affidavit. So if if there was an issue about the authenticity of these documents, that there was the issues in Kentucky really involves something else. Well, now you should have raised that much earlier than the last firing in the trial court. So tell us why we do the kind of flies or trial preclusion applies of over. You want to phrase the term? Well, before you do that, is there there is an appeal pending in Kentucky or there was an appeal pending? There is an appeal pending. It's fully briefed and waiting for disposition by the Kentucky Court of Appeals. On this case, the documents that were attached to this affidavit. That's right. To this 619 motion. That's correct. OK, now I'm sorry. I didn't mean to. Your trade of thought. Race to the cut applies here because it is the same transaction under the transactional analysis as outlined by Section 24 of the restatement. Second of judgments. Why? The 2006 agreement was signed. Bruce Black continued to perform under the agreement in 2008. A dispute arose about the applicability of that agreement. Bruce Black was terminated. He claimed he was due one point six million dollars. That went to trial. A judgment was entered in his favor for one point six million dollars, plus four hundred thousand dollars in punitive damages on a on a fraud count. And just 40 days before that judgment or that verdict came down, Mr. The Illinois litigation. So he is trying to recharacterize a dispute that was fully litigated after a trial on the merits of Kentucky as a new action. By viewing this new theory implied the promissory estoppel theory in isolation. Only look at 2008. Create distance between 2008 and 2006. And if we view this in a vacuum, these are two separate transactions. The central underlying apert effect of both cases was whether or not Black was entitled to this money. Correct? Black says he was. When Andy says he wasn't. That's that's exactly. That was the heart of the crux of the dispute, wasn't it? That was the crux of the dispute. And so under the transactional analysis, as both sides agree applies, this is the same dispute, same claim. That's in two different perspectives, two different perspectives. That's why we have trials on the merits. Additionally, what we haven't discussed is the compulsory counterclaim rule in Kentucky. There is disagreement on whether this was a compulsory counterclaim for the same reason that Mr. Black asserts that this is the same transaction. Compulsory counterclaim was required. The counterclaim being positive as a new claim in Illinois is barred. He had the opportunity and was, in fact, required to file a counterclaim in Kentucky and did not. Thus, all remedies and defenses that could have been raised in Kentucky are barred. And I haven't seen any authority. In fact, Mr. Wenanti cites to the Eggers case in his brief, which talks about a complaint filed by a bank against a homeowner. Homeowner third parties in a contractor and says, you breached your your construction contract with us. Contractor comes in and says, I filed a small claims complaint against you previously, and that bars your action against me here. And the Eggers case talks about the compulsory counterclaim rule. Hayes v. Sturgill doesn't analyze the compulsory counterclaim rule and its relationship with race judicata. So here, the Wenanti has cited a case where a plaintiff, assuming a defendant, and a defendant comes in and says, my prior offensive claim against you bars your offensive claim against me. And the compulsory counterclaim is part of that analysis. So even the authority cited in Wenanti's brief supports Black's position. Would you tell me the just to refresh my recollection, the dates? I know the Lake County action was filed in 2012. When was the Kentucky action filed? The Kentucky action, pardon me, was filed on May 16 of 2011. The Illinois complaint was filed on May 31 of 2012. The jury verdict in Kentucky was on July 12 of 2012. So that's 40 days before the verdict, well into the litigation in Kentucky. So there's nothing that would have prevented this compulsory counterclaim in terms of time, the resolution of the cases, anything of that nature? No, because the Kentucky complaint was filed three years after the promissory estoppel, implied promise theory would have accrued under Wenanti's theory. What about counsel's argument that the issue really isn't why the contract, not that he was owed the 1.6, but that the contract here in Illinois failed because of business climate? How would that be incorporated into the Kentucky case if it needed to be? Well, if I understand your question, Justice Hutchinson, are you talking about blacks second ground that isn't on appeals? That is a separate defense, a separate issue of causation, that if the court decided race judicata didn't apply, that would be an alternative prong of the defense. But it really doesn't impact the analysis in terms of race judicata at all. In fact, it doesn't. Okay. Unless the justices have any further questions, I don't need to belabor the points further. Thank you. Thank you. Mr. Fitzsimons, if you would like to respond. The only response I would like to make is the language of the restatement and the Kentucky court, the Kentucky courts have actually done are somewhat different. And even though the Kentucky courts say we follow the restatement, they go through and they much more closely follow Hayes v. Sturgill, which seized upon the different actions and said there is no race judicata. With regard to the Egbert case, that case, both issues involved the same contract. Here, they're different contracts. I'd be happy to go through all the cases cited by the parties, but the court has indicated that you're not interested at this time. Well, not that we're not interested in it, but we have already looked at them and we can continue to look at them without additional discussion. On the issue of the absence of an affidavit, what was filed in the complaint, which is certified, was unquestionably what was filed in Kentucky. But to the extent that counsel is claiming that it establishes those facts, it doesn't. It's unverified, even though it's a piece of paper that was filed, the facts and the contents of it are unverified, unsworn to, and not even signed by Mr. Black. And unless the court has additional questions, I think that completes. All right. Thank you very much. Thank you. We will take the matter under advisement and we will issue a decision in due course. We'll stand in recess now to prepare for our next case. Thank you.